Pearson. J.
 

 We are satisfied from the evidence, that much the larger part of the price of the house and lot was paid out of the funds, arising from the sale of land belonging to Hannah Murphy; and the deed was fairly made to her, in pursuance of an express understanding, that the proceeds of the sale of her land should be so invested and the title made to her.
 

 
 *22
 
 The case falls directly within the decision of the case of
 
 Gorman
 
 v.
 
 Rich,
 
 1 Ired. 553. The. statute, 13th Elizabeth, does not apply ; for the conveyance is not made bj' the debtor of land-, before owned by him, to defraud creditors, but the conveyance is made by a third person to a trustee for the debtor, to enable him to avoid the payment of his debts to the amount of
 
 the price
 
 paid by him. If the statute applied, so as to make the conveyance void as to the creditors, the title would be in Hooker, the vendor: which would not serve the plaintiff’s purpose.
 

 Guilford Murphy had not such á trust estate, as was liable to execution sale by the act of 1812, ch. 45. sec. 4 ; for, Hannah Murphy did not hold purely in trust for him, but held the legal estate for herself, so far as the part of the price was paid by her,and in trust forGuilford Murphy, so far as the part of the price was paid by him. It was, then, a
 
 mixed trust,
 
 and not the case of “one person seized simply and purely for the debtor, without any beneficial interest in the party having the legal title, or in any other person, except the debtor in tbe execution which kind of trust estate alone can be sold under execution by this provision of tbe aet; for the sale passes the
 
 legal,
 
 as well as the equitable estate, and the purchaser having the legal estate may bring ejectment, and cannot call upon a Court ofEquity for a conveyance of the legal title, because he has it. already, and is not without remedy at law.
 

 This case is plainly distinguishable from the case of
 
 Temple
 
 v.
 
 Williams,
 
 4 Ired. Eq. 39. In this the contract was
 
 executed,
 
 the funds, arising from the sale of the wife’s land, were actually paid to the vendor of the house and lot, and the deed was made to the wife, so as to vest tbe legal title in her. In that, the contract was
 
 executory.
 
 After the husband purchased the land and had taken a conveyance to himself, the wife consented to a sale of her land, with the understanding, that the husband should apply the proceeds to the payment of the price of the land, pur
 
 *23
 
 chased by him, and make her a deed for a ratable part of the land, including the house, &c. It was a parol agreement for the purchase of land, voidable by the statute of frauds; and although a husband and wife are allowed in Equity to deal with each other, their agreements, like all others, “ to sell or convey land” are void, unless put in writing. When the agreement is executed and the deed made to tlie wife, the statute of frauds has no application,
 

 Per Curiam.
 

 The bill dismissed with costs.